UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICK JOSE TANDIOY-MENESES,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2986

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following a May 27, 2026, order issued by the Detroit Immigration Court denying him bond. (Immigration Judge Order, ECF No. 1-2, PageID.16.) In an order entered on October 21, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.)

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion seeking expedited consideration of the case. (ECF No. 2.) As set forth in this opinion, the Court will dismiss without prejudice Petitioner's § 2241 petition and, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motion.

Respondents filed their response and a recording of the May 27, 2026, bond hearing on October 26, 2026. (Resp., ECF No. 9; Recording of May 27, 2026, Bond Hearing, filed on Oct. 26, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. Op., *Tandioy-Meneses v. Raycraft* (*Tandioy-Meneses I*), No. 1:26-cv-587 (W.D. Mich. Mar. 12, 2026), (ECF No. 5). On October 2, 2025, Department of Homeland Security (DHS) detained Petitioner. *Id.*

On February 20, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Tandioy-Meneses I*. In *Tandioy-Meneses I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Tandioy-Meneses I*, (W.D. Mich. Mar. 12, 2026) (ECF Nos. 5, 6).

On March 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Op., *Tandioy-Meneses v. Raycraft* (*Tandioy-Meneses II*), No. 1:26-cv-1498 (W.D. Mich. May 19, 2026), (ECF No. 6). At the conclusion of the March 18, 2026, hearing, the Immigration Judge denied Petitioner's request for bond. *Id.* On May 6, 2026, Petitioner filed a second § 2241 petition challenging the constitutionality of his detention following the denial of his request for bond in *Tandioy-Meneses II*. In *Tandioy-Meneses II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release

Petitioner from custody. Op. & Jud., *Tandioy-Meneses II*, (W.D. Mich. May 19, 2026) (ECF Nos. 6, 7).

On May 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Report, *Tandioy-Meneses II*, (ECF No. 8-1, PageID.89). At the conclusion of the May 27, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Denied, because government has met its burden to demonstrate flight risk by clear and convincing evidence. [Petitioner] was ordered removed on 2/23/2026. That order is pending appeal but the court finds that [Petitioner] is a flight risk to the extent that can not be mitigated by a bond.

(*Id.*) Petitioner appealed the bond decision to the Board of Immigration Appeals, and the appeal remains pending. (Resp., ECF No. 9, PageID.39; Filing Receipt for Appeal, ECF No. 9-3, PageID.54.)

Petitioner filed the present petition on October 19, 2026. (Pet., ECF No. 1.)

## III. Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on May 27, 2026. The Detroit Immigration Court denied Petitioner's request for a bond. Status Report, *Tandioy-Meneses II*, (ECF No. 8-1, PageID.89). In his § 2241 petition, Petitioner asserts that the instant petition is not intended to relitigate unchanged issues resolved in his prior cases, but that he alleges subsequent materially changed circumstances, including the additional months of his detention. (Pet., ECF No. 1, PageID.9.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 9, PageID.41–44.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-*

*Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the May 27, 2026, bond hearing itself violated the Due Process Clause of the Fifth Amendment. Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241

petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Petitioner's appeal to the BIA of the May 27, 2026, bond hearing remains pending. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 30, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge